IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA



FILED
CLERK, U.S. DISTRICT COURT
NOV - 3 2023
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>-vs-<br><br>HASSAN SHABAN KANYIKE<br>Defendant, | CASE NO: CR 21-00081-VAP<br>CV-23-08789-VAP<br>**MOTION FOR A SENTENCE REDUCTION**<br>**PURSUANT TO 18 U.S.C. §3582(c)(2)** |

Comes Now, the Defendant HASSAN SHABAN KANYIKE, in Pro Se and hereby files this Motion for a Sentence Reduction based upon a change in the Sentencing Guidelines as laid in the Points and Authorities and Documents on file in this case.

Respectfully Submitted,

HASSAN SHABAN KANYIKE #21355-509

## RELEVANT PROCEDURAL HISTORY

On March 29, 2021, Pro se Defendant Hassan Kanyike, plead Guilty to One Count of Wire Fraud in Violation of 18 U.S.C. §1343 as charged in a single count Information. (See Dokt #51)

Under the terms of the Plea Agreement, the parties stipulated to a total offense level of 20 with a guideline range of 33 to 41 Months. The parties agreed not to argue or suggest that any other specific offense characteristics adjustments or departures to the offense be imposed.

## PRESENTENCE INVESTIGATION REPORT

The Probation Office prepared Defendant's Presentence Investigation Report consistent with the plea agreement in reference to the Base Offense Level of 7 and a 16 Level Loss Adjustment under USSG §2B1.1(b)(1)(I) (Psr:46-50). However, the Probation Office applied two additional Enhancements:

    (1) 2 Level Enhancement under USSG §2B1.1(b)(10)(c)(sophisticated Means)
    (2) 2 Level Enhancement under USSG §2B1.1(b)(17)(A)(Gross Receipts)

Applying the above Guidelines and a Three Level Reduction for Acceptance of responsibility, the Probation Office calculated Defendant's Total Offense level at 24 (Psr:46-61), with a resulting advisory Guideline range of 51 to 63 Months.
No any other offense characteristics were recommended or suggested.

## SENTENCING

The Court's calculation of the Sentencing Guidelines also matched the Plea Agreement except the court adopted the finding of the probation officer in the PSR with respect to the above referenced enhancements resulting to an offense level of 24 (Sentencing Range of 51 to 63 Months). (See Exhibit A₁)
After considering the factors under 18 U.S.C. 3553(a), the district court sentenced defendant to 51 Months which is the low end of the advisory sentencing guidelines at the time of sentencing on November 15, 2021.

## LEGAL FRAME WORK

A judment of conviction that includes a sentence of imprisonment constitutes a final judgment, and may not be modified by a federal district court except in limited circumstances. 18 U.S.C §3582(c)(2) establishes an exception to the general rule of finality in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the U.S. Sentencing Commission pursuant to 28

U.S.C.§ 944(o) and made retroactive pursuant to 994(u). In such cases, Congress has authorized courts to reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the U.S. Sentencing Commission. 18 U.S.C. 3582(c)(2).

On April 27, 2023, the Sentencing Commission submitted to Congress Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary and Statutory Index which became effective on November 1, 2023. (See U.S. Sentencing Commission "Notice of Submission to Congress of Amendments to the Sentencing Guidelines....." 88 FR 28254 (May 3, 2023).

On August 24, 2023, the Sentencing Commission voted to make Retroactive Parts A and B of Amendment 821. Part B of the Amendment 821 as relevant here creates a new Chapter four Guideline at 4C1.1 (Adjustment for Certain Zero-Point Offenders) providing a decrease of two levels from the offense level determined under chapters two and three for defendants who did not receive any criminal history points and whose instant offense did not involve specific aggravating factors.

In order to qualify for a sentence reduction under subpart 1 of Part B, the individual must meet all of the following criteria:

1. the defendant did not receive any criminal history points from Chapter Four, Part A;
2. the defendant did not receive an adjustment under 3A1.4 (Terrorism);
3. the defendant did not use violence or credible threats of violence in connection with the offense;
4. the offense did not result in death or serious bodily injury;
5. the instant offense of conviction is not a sex offense;
6. the defendant did not personally cause substantial financial hardship;
7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to so) in connection with the offense;
8. the instant offense of conviction is not covered by 2H1.1 (Offenses Involving Individual Rights);
9. the defendant did not receive an adjustment under 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or 3A1.5 Serious Human Rights Offense); and
10. the defendant did not receive an adjustment under 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848.

## DEFENDANT'S ELIGIBILITY AND POLICY STATEMENT

To be eligible for a sentence reduction under 18 U.S.C. §3582(c)(2), a defendant must show (1) that his sentence was "based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission"(Sentencing Commission") and (2)

that "such reduction is consistent with applicable policy statements issued by the Sentencing Commission". UNITED STATES v. WESSON, 583 F.3d 728, 730 (9th Cir. 2009)(quoting 18 U.S.C. §3582(c)(2); UNITED STATES v. DUNN, 728 F.3d 1151, 1155 (9th Cir. 2013)(stating that 18 U.S.C. §3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission".

At Sentencing, along with consideration of the 3553(a) factors, this Honorable Court calculated Pro se defendant's offense level at 24 with a guideline range of 51 to 63 months and consequently sentenced him to the low end of the advisory guidelines. However, Part B of Amendment 821 has subsequently lowered his applicable guideline range.

Pro se defendant's instant offense did not involve the 10 aggravating factors nor did the probation officer recommend any to apply after their investigation.

## APPLICABLE POLICY STATEMENT

Section 3582(c)(2) provides for a sentence reduction "consistent with applicable policy statements issued by the Sentencing Commission." The policy statement applicable to reductions under §3582(c)(2) is found in U.S.S.G. § 1B1.10. That policy statement directs the court to "determine the amended guideline range that would have been applicable" if the amendment had been in effect and "leave all other guideline application decisions unaffected". U.S.S.G. § 1B1.10(b)(1).

## PROPOSED NEW GUIDELINES

Pursuant To:

| | |
|---|---:|
| U.S.S.G. § 2B1.1(a) | |
| Base Offense Level | 7 |
| Add U.S.S.G. §2B1.1(b)(1)(I) | |
| Loss Amount 1,500,000-3,500,000 | +16 |
| Add U.S.S.G 2B1.1(b)(17)(A) Gross Receipts Enhancement | +2 |
| Add U.S.S.G. 2 B1.1(b)(10)(c) Sophisticated Means | +2 |
| Less U.S.S.G. §3 E 1.1(b) Acceptance of Responsibility | -3 |
| Less Part B Amendment 821 Retroactive Reduction | -2 |
| Total Offense Level | 22 |
| Sentencing Guideline Range 41 - 51 Months | |

Page 4 of 6

## 3553(a) FACTORS

The Amendment to the Sentencing Guidelines considers the Commission's extensive recidivism research and feedback from the district court as noted by the consistently high rate of below-range sentences citing criminal history. (See U.S. Sentencing Commission Analysis of the Impact of 2023 Criminal History Amendments Parts A and B- may 2023). (See U.S. Sentencing Commission's Multi year Recidivism study 2016-2020)

### 3553(a)(6) NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES

Defendant kindly requests this Honorable Court to particularly consider the need to avoid unwarranted sentence disparities. New defendants who commit the same crimes as defendant will be sentenced based on the amended guidelines in addition to the fact that other previously sentenced defendant's will receive a reduced sentence.

### NEED FOR JUST PUNISHMENT 3553(a)(2)(a)

Defendant kindly requests this Honorable Court to also consider the Sentencing Commission's extensive research which indicates that it is appropriate to subject defendant's like KANYIKE to less severe sentences than the guidelines previously mandated.

### POST SENTENCING CONDUCT

Under **PEPPER v. UNITED STATES**, 562 U.S. 476, 490, 131 S.Ct. 1229, 179 L.Ed.2d 196(2011) "Evidence of post sentencing rehabilitation may be highly relevant to several of the 3553(a) factors that Congress has expressly instructed district courts to consider."

As stated in the PSR, the defendant did not receive any violation during the almost 24 month period he was out for pretrial release, the defendant has not received any violations for his entire state of almost 24 months within the B.O.P.
Moreover, he has accomplised several recidivism reduction programs (See Education Transcript Attached). Defendant has a custody Classification of 0 Points which the B.O.P. Clarifies as safe for Community. (See Attached Home Eligibility Exhibit $A_2$ ).
The Defendant's recidivism rating by the B.O.P. is Minimum which is the Lowest possible rating.

### CONCLUSION

3552(c)(2) represents a Congressional act of lenity intended to give prisoners the beneifit of late enacted adjustments to the judgements reflected in the guidelines. (See Oppinion of Sotomayer, J. joined by Roberts, Ch J. and scalia, Kennedy, Thomas, Ginsburg and Breyer, JJ. in **DILLION v. UNITED STATES**, (2010)

Defendant kindly requests this Honorable Court to grant his Motion for a Sentence Reduction and be resentenced to 41 Months the low end of the recalculated guidelines of 41 - 51 months.

POLICY STATEMENT 1B1.10(e)(2) states: The special instruction at subsection(e)(2) delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024. Subsection(c)(2), however, does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. §3582(c)(2) and this policy statement before February 1, 2024, provided that any order reducing the defendant's term of imprisonment has an effective date of February 1, 2024 or later.

Respectfully Submitted,

HASSAN SHABAN KANYIKE #21355-509

Pro Se Defendant

```
VIM95            *        INMATE EDUCATION DATA          *      10-31-2023
PAGE 001 OF 001  *            TRANSCRIPT                 *      14:05:03

REGISTER NO: 21355-509    NAME..: KANYIKE                FUNC: PRT
FORMAT.....: TRANSCRIPT   RSP OF: VIM-VICTORVILLE MED I FCI

------------------------------ EDUCATION INFORMATION -----------------------------
FACL ASSIGNMENT DESCRIPTION                    START DATE/TIME STOP DATE/TIME
VIM  ESL HAS     ENGLISH PROFICIENT            08-11-2022 0001 CURRENT
VIM  GED EARNED  GED EARNED IN BOP             05-16-2022 0001 CURRENT

------------------------------- EDUCATION COURSES --------------------------------
SUB-FACL   DESCRIPTION                   START DATE  STOP DATE EVNT AC LV  HRS
VIM        VV BUSINESS ADMIN 103         08-28-2023  CURRENT
VIM        VICTOR VALLEY ENGLISH 101     07-14-2023  CURRENT
VIM        PARENTING DURING/AFTER PRISON 01-12-2023 01-19-2023  P   C  P    10
VIM        BEST FATHER YOU CAN BE        12-08-2022 12-15-2022  P   C  P    10
VIM        BODY FAT                      10-24-2022 11-28-2022  P   C  P     6
VIM        CORE STABILITY INSTRUCT TRAIN 10-26-2022 11-30-2022  P   C  P     6
VIM        BASIC GEOGRAPHY OF THE U.S.   11-10-2022 11-17-2022  P   C  P    10
VIM        FILLING OUT FORMS 3           09-15-2022 09-22-2022  P   C  P    10
VIM        FILLING OUT FORMS 2           08-18-2022 08-25-2022  P   C  P    10
VIM        INTERMEDIATE DRAWING CLASS    07-15-2022 08-26-2022  P   C  P     7
VIM        BEGINNERS ENGLISH GUITAR CLASS 07-15-2022 08-19-2022 P   C  P     6
VIM        BEGINNERS SOUND ENGINEERING   07-11-2022 08-15-2022  P   C  P     6
VIM        ESL 0730-9:00 RM E M-F 1.5 HRS 07-08-2022 08-11-2022 P   C  N    30
VIM        FILLING OUT FORMS 1           07-14-2022 07-21-2022  P   C  P    10
VIM        HOW TO BE A BETTER FATHER     06-09-2022 06-16-2022  P   C  P    10
VIM        MOTHER'S DAY HISTORY          05-19-2022 05-26-2022  P   C  P    10
VIM        BEGINNERS DRAWING CLASS       04-15-2022 05-20-2022  P   C  P     6
VIM        GED RM B 1:30-3:00 M-F 1.5 HRS 04-05-2022 05-16-2022 P   C  P    42
VIM        INDEPENDENT STUDY WORLD WAR II 04-14-2022 04-21-2022 P   C  P    10
VIM        CHECK BOOK MATH               03-17-2022 03-24-2022  P   C  P    10

--------------------------------- HIGH TEST SCORES -------------------------------
TEST       SUBTEST      SCORE    TEST DATE    TEST FACL   FORM       STATE
CASAS      LIST PLACE   217.0    07-01-2022   VIM         2
           READ CERT    238.0    08-11-2022   VIM         522
           READ PLACE   225.0    07-01-2022   VIM         2
GED 2014   MATH         163.0    05-16-2022   VIM
           RLA          159.0    05-16-2022   VIM
           SCIENCE      165.0    05-16-2022   VIM
           SOC STUDY    168.0    05-16-2022   VIM
TABE M     LANGUAGE       6.2    04-05-2022   VIM         9
           MATH APPL      9.9    04-05-2022   VIM         9
           MATH COMP      9.9    04-05-2022   VIM         9
           READING        9.9    04-05-2022   VIM         9



G0000          TRANSACTION SUCCESSFULLY COMPLETED
```

```
                              SENTENCE MONITORING                10-24-2023
PAGE 001          *           COMPUTATION DATA           *       14:41:06
                              AS OF 10-24-2023

REGNO..: 21355-509 NAME: KANYIKE, HASSAN

                                                    Exhibit A₂

FBI NO............: 895525AG6           DATE OF BIRTH: 10-22-1991 AGE:  32
ARS1..............: VIM/A-DES
UNIT..............: 3 GP                QUARTERS.....: C04-408L
DETAINERS.........: YES                 NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE.....: 07-22-2024

FINAL STATUTORY RELEASE FOR INMATE.: 09-19-2025 VIA GCT REL
        WITH APPLIED FSA CREDITS.: 270 DAYS
THE INMATE IS PROJECTED FOR RELEASE: 12-23-2024 VIA FSA REL


------------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION.............: CALIFORNIA, CENTRAL DISTRICT
DOCKET NUMBER.....................: LACR 21-00081-VAP
JUDGE.............................: PHILLIPS
DATE SENTENCED/PROBATION IMPOSED: 11-15-2021
DATE COMMITTED....................: 02-22-2022
HOW COMMITTED.....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED.................: NO

                FELONY ASSESS   MISDMNR ASSESS    FINES            COSTS
NON-COMMITTED.: $100.00         $00.00            $00.00           $00.00

RESTITUTION...: PROPERTY: NO   SERVICES: NO       AMOUNT: $1,302,550.00

------------------------CURRENT OBLIGATION NO: 010 ------------------------


SENTENCE PROCEDURE...............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE..:    51 MONTHS
TERM OF SUPERVISION..............:     3 YEARS
DATE OF OFFENSE..................: 06-30-2020




G0002        MORE PAGES TO FOLLOW . . .
```

1  submit.

2  THE COURT: Thank you.

3  Well, I have considered everything that has been
4  submitted and the arguments made, both in the papers and here
5  today and, for the reasons that I have put on the record in
6  some detail, find that the advisory guideline range here is the
7  51 to 63 months. The Court's not -- doesn't consider that the
8  presumptively reasonable sentence but considers that advisory
9  sentencing range along with all of the other 3553(a) factors
10 that I have put on the record.

11 And with that, I would sentence the defendant to a
12 sentence of 51 months.

13 So the Court has considered the sentencing factors
14 at 18 United States Code, Section 3553(a), and the advisory
15 Sentencing Guideline range based on an offense level of 24 and
16 a criminal history category of 1 and hereby impose a sentence
17 as follows.

18 It's ordered that the defendant shall pay to the
19 United States a special assessment of $100 due immediately.
20 Any unpaid balance shall be due during the period of
21 imprisonment at the rate of not less than $25 per quarter
22 pursuant to the B.O.P.'s Inmate Financial Responsibility
23 Program.

24 It's ordered that the defendant shall pay
25 restitution in the total amount of $1,302,550 pursuant to

CASE#: CR 21-00081-VAP

**HONORABLE VIRGINIA A. PHILLIPS**
SENIOR U.S. DISTRICT COURT JUDGE
CENTRAL DISTRICT OF CALIFORNIA

RE: <u>**LETTER OF CONSIDERATION FOR MOTION 3582(c)(2)**
**3582(c)(1)(A)  Reconsideration**</u>

    Defendant KANYIKE, humbly comes before this Honorable Court for consideration of of his Motion for §3582(c)(2) as laid in detail in the attached motion.

Defendant Kanyike also comes before this Honorable Court requesting a reconsideration for his Motion under §3582(c)(1)(A) citing a striking lack of responsiveness by the BOP to provide him medication for 20 Months. (See Attached Exhibit DoK1). In a detailed denial of my motion, the court expressed concern in the delay to provide medication and advised the BOP to provide the prescribed medication (See Exhibit B1). Defendant has been in constant pain with regular nose bleeding that creates daily migranes, sinus inflamation and pain while breathing. Numerous district courts have found that the BOP's inadequate provision of medical care can qualify as an extraordinary and compelling (Inmate requests Attached C1-C3) reason for release, even where medical conditions are not life threatening. (See **United States v. English,** No. 219CR20164TGBFAS1, 2022 U.S. Dist. LEXIS 230553, 2022 WL 17853361, at 5 (E.D. Mich. Dec. 22, 2022)("even if it is not clear that enlish's medical conditions alone are life threatening, the record here demonstrates that the mismanagement of these conditions creates extraordinary and compelling circumstances warranting compassionate release"); **United States v. Burr,** No. 1:15-CR-362-1, 2022 U.S. Dist. LEXIS 216371, 2022 WL 17357233, at 6 (M.D.N.C. dec. 1, 2022)("Inadequate medical care may be a relevant factor in finding an extraordinary and compelling reasons under §3582(c)(1)(A)."; United States v. edwards, No. CR 03-234 (JDB), 2022 U.S. Dist. LEXIS 129167, 2022 WL 2866703, at 5 (D.D.C. July 21, 2022)("persistent inadequate medical care can constitute an extraordinary and compelling reason warranting sentence reduction if the defendant's medical needs require release"); United States v. Derentz, 608 F. Supp. 3d 189, 193 (E.D. Pa. 2022)("Courts have also found that... delays in treatment, may qualify as an extraordinary and compelling reason for compassionate release".)

    Defendant Kindly requests this Honorable Court to kindly reconsider it's denial of defendant's previous motion under §3582(c)(A)(1) in light of the BOP'S persistent denial to provide him medication even after court intervention.

Pro Se defendant kindly submits to this Honorable Court to grant his motion under

Page 1 of 2

§ 3582(c)(1)(A). reconsideration and 3582(c)(2) consideration

Respectfully Submitted,

*[signature]*

HASSAN SHABAN KANYIKE

## AFFIDAVIT OF HASSAN S. KANYIKE

I, Hassan Shaban Kanyike swear, and declare under penalty of perjury that my statement below are true to the best of my knowledge.

This affidavit is being submitted in response to the government's statements that I am being provided the prescribed medication for my respiratory complication. That statement is not true, I have not been given any of the prescribed medication for treatment of my respiratory complication for the entire duration of my incarceration that is 10 months.

Please find attatched to this affidavit pharmacy records from the Bureau of Prisons that support this stand, Exhibit B1.

I Hassan Shaban Kanyike declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1) under the laws of the United States of America that the above statement is true and correct to the best of my knowledge.

Executed on ___November 1st 2023___

Respectfully,

Hassan Shaban Kanyike

1

# Bureau of Prisons
# Health Services
# Medication Summary
## Current as of 10/31/2023 18:37



B1

| Complex: | VIX--VICTORVILLE FCC | Begin Date: | N/A | End Date: | N/A |
| --- | --- | --- | --- | --- | --- |
| Inmate: | KANYIKE, HASSAN | Reg #: | 21355-509 | Quarter: | C04-408L |

**Medications listed reflect prescribed medications from the begin date to end date on this report.**

**Allergies:**          Denied

*No medication given even after court intervation.*

Generated 10/31/2023 18:37 by Johnston, Brenda RN          Bureau of Prisons - VIM          Page 1 of 1

C1

TRULINCS 21355509 - KANYIKE, HASSAN - Unit: VIM-C-U

----

FROM: 21355509
TO: FCI-I Health Services
SUBJECT: ***Request to Staff*** KANYIKE, HASSAN, Reg# 21355509, VIM-C-U
DATE: 08/11/2023 10:35:56 AM

To: Health services
Inmate Work Assignment: none

This is another email that is following 3 cop-outs dated 06/14/2023, 06/30/2023, 07/27/2023 to health services to update my prescription that i have never received since it was prescribed in April 2022. This will be my last email which if not responded back to i will have to refer this matter to the courts for denial of medical care. Its been 18months without any medication.

C2

TRULINCS 21355509 - KANYIKE, HASSAN - Unit: VIM-C-U

---

FROM: 21355509
TO: FCI-I Health Services
SUBJECT: ***Request to Staff*** KANYIKE, HASSAN, Reg# 21355509, VIM-C-U
DATE: 07/24/2023 01:36:56 PM

To: Medical
Inmate Work Assignment: none

hello there,

I have tried numerous times to have my prescription to me , but i have filed. Kindly advise please the court tasked you to do that promptly.

TRULINCS 21355509 - KANYIKE, HASSAN - Unit: VIM-C-U

C3

---

FROM: 21355509
TO: FCI-I Health Services
SUBJECT: ***Request to Staff*** KANYIKE, HASSAN, Reg# 21355509, VIM-C-U
DATE: 06/15/2023 12:53:03 PM

To: Health services
Inmate Work Assignment: none

Hope this finds you well, kindly note that my prescription that was done by dr. hernendez on 04/07/2022 was never delivered to me . I went to pharmacy and theu told me they need the medical staff to redo it. I have been here for 16months no medication.

Please advise timely



Case 2:21-cr-00081-VAP   Document 109   Filed 11/03/23   Page 18 of 19   Page ID #:1066

