E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
RICHARD E. ROBINSON (Cal. Bar No. 90840)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-0713
    Facsimile:  (213) 894-6269
    E-mail:     richard.robinson@usdoj.gov

GLENN S. LEON
Chief, Fraud Section
WILLIAM E. JOHNSTON (D.C. Bar No. 1030662)
Assistant Chief, Fraud Section
Criminal Division
United States Department of Justice
    1400 New York Avenue, NW
    Washington, DC 20005
    Phone: (202)514-0687
    Email: william.johnston4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>HASSAN KANYIKE,<br><br>       Defendant. | No. CR 21-00081-VAP<br><br>RESPONSE TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2). |

The United States of America, by and through undersigned counsel, responds to defendant Hassan Kanyike's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).  ECF No. 109.  Kanyike's motion is predicated on Amendment 821 to the U.S. Sentencing Guidelines (USSG), which creates a new provision, Section 4C1.1, that gives a two-level downward adjustment for certain offenders who have zero criminal

history points.  Because it concludes that the new provision applies retroactively to the defendant, the government does not oppose the defendant's motion to the extent this Court reduces his sentence by no more than 10 months, equivalent to the low end of the amended Guidelines range, with an effective date of February 1, 2024.

BACKGROUND

On December 8, 2020, the defendant was arrested on a complaint charging him with defrauding the Small Business Administration's Paycheck Protection Program (PPP) and Economic Injury & Disaster Loan (EIDL) program.  ECF No. 1 & 3.  The next day the defendant was ordered detained pending trial.  ECF No. 6.

On March 29, 2021, the defendant pleaded guilty to a one-count information charging him with wire fraud in violation of 18 U.S.C. § 1343.  ECF No. 42 & 51.  As part of the statement of facts accompanying his guilty plea, the defendant admitted to fraudulently obtaining $1,002,550 in PPP funds and $300,000 in EIDL funds. ECF No. 44.

The PSR calculated his offense level as 24, corresponding to a guidelines range of 51-63 months.  ECF No. 64.  At the sentencing hearing on November 15, 2021, this Court adopted the PSR's offense level calculation and imposed a sentence of 51 months.  ECF No. 66 & 67.  The defendant is currently incarcerated at FCI Victorville; he has no disciplinary record so far, and has an estimated release date of December 8, 2024.  U.S. Bureau of Prisons, Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last accessed Dec. 4, 2023).

LEGAL AUTHORITY

Pursuant to 18 U.S.C. § 3582(c)(2), this Court has the authority to reduce the sentence of a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been

1   lowered by the Sentencing Commission . . . after considering the factors

2   set forth in section 3553(a) . . . if such a reduction is consistent

3   with applicable policy statements issued by the Sentencing Commission."

4        In determining whether to lower a sentence, the applicable policy

5   statement directs this Court to "determine the amended guideline range

6   that would have been applicable to the defendant if the amendment(s)

7   to the guidelines listed in subsection (d) had been in effect at the

8   time the defendant was sentenced."  U.S.S.G. § 1B1.10 (Nov. 1, 2023).

9        Amendment 821 to the USSG, creating § 4C1.1 and effective starting

10  on November 1, 2023, provides for a two-level reduction for certain

11  offenders  who  have  zero  criminal  history  points.    Among  other

12  disqualifications,  the  reduction  is  not  available  to  those  who

13  "personally  cause[d]  substantial  financial  hardship"  or  received  a

14  leadership enhancement under § 3B1.1.  U.S.S.G. § 4C1.1.  While the

15  Sentencing Commission has made the amendment retroactively applicable,

16  any order granting a sentence reduction must be effective on February

17  1, 2024.  U.S.S.G. § 1B1.10(d) & (e)(2).

18       The maximum by which this Court should reduce any sentence due to

19  Amendment 821 is determined by the "the minimum of the amended guideline

20  range."  *Id.* § 1B1.10(b)(2)(A).

21                              ARGUMENT

22       The  defendant  would  be  eligible  for  the  zero-point  offender

23  reduction if he were sentenced today.  According to the defendant's

24  PSR, he had zero criminal history points.  ECF No. 64.  None of the

25  carveouts  in  Amendment  821  that  would  otherwise  make  a  zero-point

26  offender  ineligible  for  the  reduction,  such  as  leadership  role  or

27  substantial financial hardship, apply to the defendant.  Accordingly,

28  the reduction is retroactively applicable to the defendant.

1    The two level reduction to the offense level this Court adopted

2  at sentencing would yield an amended offense level of 22, corresponding

3  to a guidelines range of 41-51 months.  Accordingly, the maximum

4  reduction that the defendant is eligible for is 10-month reduction from

5  51 months to 41 months.  *See* U.S.S.G. § 1B1.10(b)(2)(A).  The effective

6  date for this reduction may not be before February 1, 2024.  U.S.S.G.

7  § 1B1.10(d) & (e)(2).

8    The factors set forth in 18 U.S.C. § 3553(a) do not weigh against

9  a 10-month reduction in the defendant's sentence.  While the defendant

10  deliberately stole more than $1 million from the SBA, the defendant's

11  criminal conduct is no more severe than the typical PPP fraudster who

12  exploited an emergency benefit program for his own personal gain; such

13  offenders would be entitled to the zero-point offender reduction.  His

14  personal characteristics also do not militate against a reduction: he

15  has incurred no disciplinary record while incarcerated.  Accordingly,

16  the defendant should receive the benefit of Amendment 821.

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24

25

26                          CONCLUSION

27    For the foregoing reasons, the government does not oppose a 10

28  month reduction in the defendant's sentence so long as it has an

4

effective date of February 1, 2024.

Dated: December 7, 2023              Respectfully submitted,

                                     E. MARTIN ESTRADA
                                     United States Attorney

                                     MACK E. JENKINS
                                     Assistant United States Attorney
                                     Chief, Criminal Division

                                      /s/
                                     _____
                                     RICHARD E. ROBINSON
                                     Assistant United States Attorney


                                     GLENN S. LEON
                                     Chief, Fraud Section
                                     Criminal Division
                                     U.S. Department of Justice

                                      /s/
                                     _____
                                     WILLIAM E. JOHNSTON
                                     Assistant Chief


                                     Attorneys for Applicant
                                     UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

I, **ALLISON FREITAS**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**RESPONSE TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2).**

**service was:**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ By messenger, as follows:

☐ By Federal Express, as follows:

☐ By E-mail, as follows:

Hassan Kanyike

REG. NO. 21355-509

FCI VICTORVILLE - MEDIUM I

PO BOX 3725

1      ADELANTO, CA 92301

2
       This Certificate is executed on **December 11, 2023**, at Los
3
Angeles, California.  I certify under penalty of perjury that the
4
foregoing is true and correct.
5

6
                                    */s/ Allison Freitas*
7                                   ALLISON FREITAS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28